Richard R. Rardin
Brad W. Breslau (*pro hac vice* admission pending)
Cozen O'Connor
707 17th Street, Suite 3100
Denver, CO 80202
Phone: 720-479-3900
Fax: 720-479-3890
rrardin@cozen.com
bbreslau@cozen.com

Mark Mullen (*pro hac vice* admission pending)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Phone: 215-665-2000
Fax: 215-665-2013
mmullen@cozen.com

Charles R. Tuffley (*pro hac vice* admission pending)
Geoffrey D. Farnham (*pro hac vice* admission pending)
Denenberg Tuffley
28411 Northwestern Hwy, Suite 600
Southfield, MI 48034
Phone: 248-549-3900
Fax: 248-593-5808
ctuffley@dt-law.com
gfarnham@dt-law.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 JUN 5  AM 10 17

STEPHAN HARRIS, CLERK
CHEYENNE

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SINCLAIR WYOMING REFINING COMPANY, a Wyoming corporation;<br><br>Plaintiff,<br><br>v.<br><br>A&B BUILDERS, LTD., a Texas limited partnership; MATRIX ENGINEERING, LTD., a Texas limited partnership; HOWE-BAKER ENGINEERS, LTD., a Texas limited partnership; APPLIED CONTROL | Civil No. **15CV 91**<br><br>**COMPLAINT** |

| | |
|---|---|
| EQUIPMENT, LLC, a dissolved Colorado limited liability company nka APPLIED CONTROL EQUIPMENT, LLLP, a Colorado limited liability limited partnership; INSTRUMENT & VALVE SERVICE COMPANY, a Delaware company; and FISHER SERVICE CO. dba FISHER CONTROLS INTERNATIONAL, INC., a Delaware corporation nka FISHER CONTROLS INTERNATIONAL, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff, by and through its attorneys, Richard R. Rardin, Brad W. Breslau (*pro hac vice* admission pending) and Mark Mullen (*pro hac vice* admission pending) of Cozen O'Connor, and Charles R. Tuffley (*pro hac vice* admission pending) and Geoffrey D. Farnham (*pro hac vice* admission pending) of Denenberg Tuffley, and complains as follows:

**PARTIES, JURISDICTION AND VENUE**

1. At all times relevant, Sinclair Oil Corporation is and was a Wyoming corporation. On or about December 23, 2005, Plaintiff Sinclair Wyoming Refining Company was formed as a Wyoming corporation by Sinclair Oil Corporation and since that time has had its principal place of business located at E. Lincoln Highway, Sinclair, Wyoming 82334. Plaintiff is a wholly-owned subsidiary of Sinclair Oil Corporation and acquired all of the refinery property and equipment located in Sinclair, Wyoming and assumed all contracts and obligations of Sinclair Oil Corporation with respect to the operation of said refinery.

2. At all times relevant, Defendant A&B Builders, Ltd. ("Defendant A&B") is and was a Texas limited partnership with its principal place of business located within the State of Texas and has transacted business within the State of Wyoming.

3. At all times relevant, Defendant Matrix Engineering, Ltd. ("Defendant Matrix") is and was a Texas limited partnership with its principal place of business located within the State of Texas and has transacted business within the State of Wyoming.

4. At all times relevant, Defendant Howe-Baker Engineers, Ltd. ("Defendant Howe-Baker") is and was a Texas limited partnership with its principal place of business located within the State of Texas and has transacted business within the State of Wyoming.

5. Defendant Applied Control Equipment, LLLP ("Defendant ACE LLLP") is a Colorado limited liability partnership and is a continuation of, and successor to, Defendant Applied Control Equipment, LLC ("Defendant ACE LLC"), a Colorado limited liability limited company. Defendants ACE LLC and ACE LLLP, at all times relevant, have/had their principal place of business located within the State of Colorado and have transacted business within the State of Wyoming.

6. At all times relevant, Defendant Instrument & Valve Services Company ("Defendant IVSC") is and was a Delaware company with its principal place of business located in Missouri and has transacted business within the State of Wyoming.

7. At all times relevant, Fisher Controls International, LLC, a Delaware Limited Liability Company was a Delaware corporation and is now known as, and a continuation of and successor to Defendant Fisher Service Co. dba Fisher Controls, International, Inc. ("Defendant Fisher Controls"). At all times relevant, each had their principal place of business located within the State of Missouri and have transacted business within the State of Wyoming.

8. At all times relevant, Defendant ACE, LLC was a distributor of Defendant Fisher Controls' valves.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, since diversity exists between Plaintiff, on the one hand, and the Defendants, on the other hand, and the amount in controversy is in excess of $75,000.00.

10. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 as it is where the acts giving rise to this lawsuit occurred.

## GENERAL ALLEGATIONS

11. At all times relevant, Plaintiff owned and operated a refinery in the town of Sinclair, Wyoming. At all times relevant, Plaintiff supplied transportation fuels and other products to the driving public, commercial, industrial, ranching and agricultural, transportation and military interests in the Rocky Mountain and Central Plains regions of the United States.

12. In 2004, as part of its effort to increase refinery production at its Sinclair, Wyoming refinery, Plaintiff purchased a hydrocracker unit, owned by Powerine Oil Co. and located in California. In 2004 and 2005, Plaintiff arranged for it to be dismantled and transported to its Sinclair, Wyoming refinery. It was re-designed and engineered to be a hydrotreater unit and was assembled in 2006 at its Sinclair, Wyoming refinery and became known as the #4 HDS Unit. Previous to said date, Sinclair retained the services of the Fluor Corporation to prepare a process study and specifications to convert the Powerine Oil Co. hydrocracker unit to become Sinclair's #4 HDS Unit, a hydrotreater unit. Fluor Corporation had originally prepared specifications for the Powerine Oil Co. hydrocracker unit in the late 1970's and early 1980's. These specifications were incorporated into a Final Report prepared by Fluor Corporation, dated November 17, 2004.

13. In conjunction with the purchase of the Powerine Oil Co. hydrocracker unit, Plaintiff entered into an agreement with some or all of the Defendants A&B, Matrix and Howe-

Baker, for the dismantling of the Powerine Oil Co. hydrocracker unit in California, transportation of that hydrocracker unit to Sinclair, Wyoming, for the providing of detailed design and engineering specifications so that hydrocracker unit could become a hydrotreater unit, and for the installation and integration of that unit into Plaintiff's existing refinery which was ultimately completed in 2006. Each of the Defendants A&B, Matrix and Howe-Baker that did not contract directly with Plaintiff was actively involved in the supervision, dismantling and transportation of the Powerine Oil Co. hydrocracker unit to Sinclair, Wyoming, the detailed design and engineering of that unit to become a hydrotreater unit, and the construction, installation and integration of that hydrocracker unit into Sinclair's existing refinery as either subcontractors or consultants to each other. Defendant Matrix used the Final Report prepared by Fluor Corporation, dated November 17, 2004, to provide the detailed design and engineering to complete the installation and integration of the #4 HDS Unit into the Sinclair refinery.

14. In connection with the installation and integration of the #4 HDS Unit into Sinclair's existing refinery, Plaintiff retained the services of Defendants ACE LLC, Fisher Controls and IVCS to refurbish certain valves from the Powerine Oil Co. hydrocracker unit, or if such control valves could not be refurbished, replace such valves with like valves of the same metallurgy, to be installed in the #4 HDS Unit.

15. Two of the valves provided by Plaintiff to Defendants ACE LLC and Fisher Controls for refurbishing or replacement were FV-240 and FV-241 (previously referred to as FV-8 and FV-10, respectively, in the Powerine Oil Co. hydrocracker unit). These two control valves were used in connection with the transmission of hydrogen gas, at pressures and temperatures known to all Defendants. The control valves FV-240 and FV-241 (previously referred to as FV-8 and FV-10) which were provided by Plaintiff to Defendants ACE LLC,

Fisher Controls and IVCS from the Powerine Oil Co. hydrocracker unit were manufactured out of stainless steel. These two stainless steel control valves were substituted and replaced by Defendants ACE LLC, Fisher Controls and IVCS with Fisher carbon steel control valves for installation into the #4 HDS Unit.

16. The substitution and replacement of stainless steel control valves FV-240 and FV-241 with Fisher carbon steel valves was contrary to the project specifications, API 941 (Nelson Curve) and industry standards. Under the known and expected hydrogen gas pressure and temperature operating conditions, carbon steel control valves were likely to fail catastrophically as a result of a High-Temperature Hydrogen Attack, also known as hydrogen embrittlement.

17. Defendants A&B, Matrix and/or Howe-Baker installed the substituted and replaced Fisher carbon steel control valves FV-240 and FV-241 into the #4 HDS Unit.

18. Subsequent to the installation and integration of that Powerine Oil Co. hydrocracker unit into the Sinclair, Wyoming refinery in 2006, A&B, Matrix and/or Howe-Baker performed additional engineering and construction work in and around the #4 HDS Unit, including, but not limited to, the modification and addition of piping and instrumentation. Said work was performed in close proximity to the improperly installed control valves carbon steel FV-240 and FV-241. Defendant Matrix had, or should have had, sufficient expertise and opportunity to notice that the metallurgy of control valves FV-240 and FV-241 was contrary to the project specifications and industry standards and over the API 941 (Nelson Curve) for High-Temperature Hydrogen Attack.

19. On or about September 27, 2013, Fisher control valve FV-241 failed catastrophically as a result of High-Temperature Hydrogen Attack. As a result of that catastrophic failure, fugitive pressurized and flammable hydrogen gas ignited, most likely by an

adjacent heater, causing significant damage to the #4 HDS Unit and other property but believed to be in the approximate amount of $135,000,000.

## FIRST CLAIM FOR RELIEF
### (Defendants A&B, Matrix and Howe-Baker- Negligence)

20. Plaintiff adopts and incorporates by reference all previous allegations as though fully set forth herein.

21. Defendants A&B, Matrix and Howe-Baker were each negligent in:

   a. The design and engineering of modifications to the #4 HDS Unit;

   b. The installation and integration of the #4 HDS Unit into Plaintiff's existing refinery;

   c. The preparation of specifications to be submitted to Defendants ACE LLC and Fisher Controls by not warning about High-Temperature Hydrogen Attack, the application of API 941 (Nelson Curve) to control valve FV-241 and the need for that control valve to be manufactured out of stainless steel;

   d. The assembly, construction and installation of a Fisher carbon steel FV-241 on a stainless steel hydrogen line;

   e. The inspection and quality assurance/quality control in not noticing during installation and construction of the #4 HDS Unit that a stainless steel FV-241 control valve had been replaced with a Fisher carbon steel FV-241 control valve on a stainless steel hydrogen line; and

   f. The inspection and quality assurance/quality control in not noticing, subsequent to the installation and construction of the #4 HDS Unit in 2006, that a stainless steel FV-241 control valve had been replaced with a

7

Fisher carbon steel FV-241 control valve on a stainless steel hydrogen line.

22. As a direct and proximate result of such negligence, Plaintiff was damaged by Defendants A&B, Matrix and Howe-Baker in an amount to be proven at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Defendants A&B, Matrix and Howe-Baker- Negligence of Subcontractors)

23. Plaintiff adopts and incorporates by reference its previous allegations and its First Claim for Relief as though fully set forth herein.

24. Defendants A&B, Matrix and Howe-Baker selected contractors, determined scope of work and supervised and inspected each other's work and the work of their subcontractors in connection with the construction, assembly and installation of the #4 HDS Unit.

25. Defendants A&B, Matrix and Howe-Baker were negligent in selecting contractors, determining scope of work and in supervising and inspecting each other's work and the work of their subcontractors.

26. As a direct and proximate result of such negligence, Plaintiff was damaged by Defendants A&B, Matrix and Howe-Baker in an amount to be proven at the time of trial.

## THIRD CLAIM FOR RELIEF
### (Defendants ACE, LLC, ACE, LLLP, Fisher Controls and IVCS- Negligence)

27. Plaintiff adopts and incorporates by reference its previous allegations and its claims for relief as though fully set forth herein.

28. Defendants ACE, LLC, Fisher Controls and IVCS selected, manufactured, sold and/or distributed the Fisher carbon steel FV-241 control valve to Plaintiff.

29. The selection, manufacture, sale and/or distribution of the Fisher carbon steel FV-241 control valve to Plaintiff occurred pursuant to a joint enterprise entered into between Defendants ACE, LLC, Fisher Controls and IVCS.

30. Defendants ACE, LLC, Fisher Controls and IVCS were negligent in failing to exercise reasonable care in the selection, design and manufacturing of control valve FV-241 in order to ensure that it was reasonably safe for its intended use, including, but not limited to, being negligent in:

   a. The replacement of stainless steel control valve FV-241 with a Fisher carbon steel control valve;

   b. Disregarding the service, temperature and pressure operating conditions under which Fisher control valve FV-241 was to be subjected; and

   c. Supplying a control valve which did not meet project specifications, the requirements of API 941 or industry standards.

31. Defendant ACE, LLLP is a continuation of and a successor to, Defendant ACE, LLC and responsible for the negligence of Defendant ACE, LLC as a matter of law.

32. As a direct and proximate result of such actions and conduct, Plaintiff was damaged by Defendants ACE, LLC, ACE, LLLP, Fisher Controls and IVCS in an amount to be proven at the time of trial.

### FOURTH CLAIM FOR RELIEF
(Defendants ACE, LLC, ACE, LLLP, Fisher Controls and IVCS- Strict Liability)

33. Plaintiff adopts and incorporates by reference its previous allegations and its claims for relief as though fully set forth herein.

34. Defendants ACE, LLC, Fisher Controls and IVCS, at all times relevant, were engaged in the business of selling and distributing valves, such as Fisher control valve FV-241.

35. The known and expected hydrogen gas, pressure and temperature operating conditions which Fisher control valve FV-241 was to be subjected to by Plaintiff were reasonably foreseeable to Defendants ACE, LLC, Fisher Controls and IVCS considering the nature and function of control valve FV-241.

36. Fisher control valve FV-241 reached Plaintiff without substantial change to the condition in which it was sold by Defendants ACE, LLC, Fisher Controls and IVCS.

37. Defendants ACE, LLC, Fisher Controls and IVCS sold and/or distributed Fisher control valve FV-241 in a condition that was both defective and unreasonably dangerous to Plaintiff, considering the known and expected hydrogen gas, pressure and temperature operating conditions which such valve was to be subjected to.

38. As a direct and proximate result of such actions and conduct, Plaintiff was damaged by Defendants ACE, LLC, ACE, LLLP, Fisher Controls and IVCS in an amount to be proven at the time of trial.

## FIFTH CLAIM FOR RELIEF
(Defendants ACE, LLC, ACE, LLLP, Fisher Controls and IVCS- Failure to Warn)

39. Plaintiff adopts and incorporates by reference its previous allegations and its claims for relief as though fully set forth herein.

40. Defendants ACE, LLC, Fisher Controls and IVCS failed to warn Plaintiff that Fisher control valve FV-241 could catastrophically fail causing harm and damage, considering the known and expected hydrogen gas, pressure and temperature operating conditions under which it was going to be used.

41. As a result of such failure to warn, Plaintiff was damaged by Defendants ACE, LLC, ACE, LLLP, Fisher Controls and IVCS in an amount to be proven at the time of trial.

LEGAL\21123150\1 00000.0000.000/341922.000

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages in an amount to be proven at trial;

2. For interest, costs and attorney fees allowable by law; and

3. For such other and further relief as this court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY.

Dated this 4th day of May, 2015.

         Respectfully submitted,

         **COZEN O'CONNOR**

         */s/ Richard R. Rardin*

         Richard R. Rardin
         Brad W. Breslau (motion for admission *pro hac vice* pending)
         707 17th Street, Suite 3100
         Denver, CO 80202
         (720) 479-3900
         (720) 479-3890 (fax)
         rrardin@cozen.com
         bbreslau@cozen.com

         **COZEN O'CONNOR**

         Mark Mullen (*pro hac vice* admission pending)
         Cozen O'Connor
         1900 Market Street
         Philadelphia, PA 19103
         Phone: 215-665-2000
         Fax: 215-665-2013
         mmullen@cozen.com

         **DENENBERG TUFFLEY**

         Charles R. Tuffley (motion for admission *pro hac vice* pending)
         Geoffrey D. Farnham (*pro hac vice* admission pending)
         28411 Northwestern Hwy, Suite 600

Southfield, MI 48034
Phone: 248-549-3900
Fax: 248-593-5808
ctuffley@dt-law.com
gfarnham@dt-law.com

Attorneys for Plaintiff

LEGAL\21123150\1 00000.0000.000/341922.000